

# Fourth Court of Appeals
## San Antonio, Texas

June 12, 2024

No. 04-24-00080-CV

**IN RE THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**

Original Mandamus Proceeding[1]

**ORDER**

On February 5, 2024, relator, the Texas Department of Family and Protective Services (the "Department") filed a petition for a writ of mandamus and a motion for temporary relief, asserting that the trial court abused its discretion by issuing orders that violated Texas law and the Separation of Powers Clause of the Texas Constitution. On February 5, 2024, we issued an order requesting a response, granting the Department's motion for temporary relief in part, and staying the challenged orders pending consideration of the mandamus petition.

After considering the petition, the motion, and the record before us, we find that the trial court lacked any authority to issue the following orders, rendered during the hearing on February 1, 2024, and issued in written form on April 1, 2024.

2.2     It is further ordered that Julian Apolinar shall be personally served with an order to appear for a show cause contempt hearing based on his nonappearance at the emergency hearing on February 1, 2024.

2.3     It is further ordered that Leticia Lozano will e-file a unredacted document from a medical provider explaining why Leticia Lozano did not appear at the February 1, 2024 emergency hearing in this court by noon, February 5, 2024.

2.5     The child's case team (4 members minimum) shall prepare Affidavits regarding their knowledge of the child's sex trafficking victimization and e-filed not later than noon February 5, 2024.

2.6     The child's case team shall respond to all texts from the child's attorneys no more than one hour after the texts have been sent.

---

[1] This proceeding arises out of Cause No. 2020-PA-01945, styled *In the Interest of J.D., a Child*, in the 150th Judicial District Court, Bexar County, Texas, the Honorable Mary Lou Alvarez presiding.

Because these orders were issued without authority—constitutional, statutory, inherent, or otherwise—they are void.

However, we find the trial court did have authority to order Department to e-file a detailed report regarding J.D.'s whereabouts and the efforts to actually bring him back as specified in paragraph 2.4 of the trial court's order.

Accordingly, we lift our February 5, 2024 stay of the challenged provisions and direct the trial court to vacate paragraphs 2.2, 2.3, 2.5, and 2.6 of the February Order. We also temporarily lift our stay dated April 11, 2024, issued in the related original proceeding No. 04-24-00219-CV, and in the underlying cause, for the sole purpose of allowing the trial court to vacate these provisions. The trial court is not authorized to take any other action. All other relief is denied. The writ of mandamus will issue only if the trial court fails to comply within ten days of the date of this opinion and order.

It is so **ORDERED** on June 12, 2024.

Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 12th day of June, 2024.

Luz Estrada, Chief Deputy Clerk